William J. Crangle, J.
Plaintiff purchased one of defendant’s 1971 model automobiles in June of that year. The convertible top was allegedly defective and upon failure of defendant’s dealer to remedy the situation, suit was commenced in November; 1973. Defendant moves for dismissal of the complaint under CPLR 3211 contending that the cause of action is barred by the Statute of Limitations. The complaint is based upon breach of warranty, both express and implied. Defendant argues that the normal four-year Statute of Limitations (Uniform Commercial Code, § 2-725, subd. [1]) has been reduced in accordance with the Uniform Commercial Code by reason of its “ new vehicle warranty ” covering defects in material or workmanship for “ a period of 12 months or 12,000 miles, whichever first occurs.” Stating that suit was not commenced *452 within this shortened one year or 12,000 miles warranty period, defendant takes the position that the claim is barred.
This provision is not a one-year Statute of Limitations as contended by defendant but establishes by its plain language a period during which a cause of action might accrue for failure to repair or replace a defect in material or workmanship. By this warranty if a covered defect is brought to the attention of the seller during this period and the seller fails to repair, or at its 'option, replace the part a cause of action in favor of the buyer arises upon which he may sue for a period of four years thereafter.
Plaintiff alleges that his contract was made with defendant through its agent, a dealer (cf. Breen v. Cohen Auto Co., 75 Misc 2d 927). By affidavit he states that on many occasions during the warranty period the automobile was delivered to said authorized dealer for repair of the defective top and that said dealer failed to correct the defective condition. Since the defect occurred within the warranty period and suit on the express warranty was brought within four years from the accrual of the cause of action, plaintiff’s action is not barred by the Statute of Limitations.
Moreover, the folder containing the new vehicle warranty relied upon by defendant fails to exclude an implied warranty of merchantability as it does not mention the word merchantability as required by the statute (Uniform Commercial Code, § 2-316). As defined (Uniform Commercial Code, § 2-314, subd. [2], par. [c]) this warranty requires that the property be fit for the ordinary purposes for which such goods are used as opposed to the implied warranty of fitness for a particular purpose which requires a showing that the buyer intended a particular use and relied upon the seller’s skill or judgment in furnishing goods suitable to that purpose. Thus, even if it were found that an action upon breach of the express warranty is barred by a time limitation, an action based upon breach of the implied warranty of merchantability would be timely.
Another factor compels denial of defendant’s motion. The agreement of the parties evidenced by defendant’s printed warranty folder does not succeed in limiting the buyer’s right to rely upon implied warranties because the attempted limitation does not meet the requirements of the Uniform Commercial Code as to conspicuous notice. (Uniform Commercial Code, § 2-316.)
The exclusion clause in the folder entitled 1971 Chevrolet new vehicle warbanty is difficult to find. It has no title in *453 large printing as do the other subdivisions in the folder. It is separated from the statement of the warranty which is set forth under the first heading what is warranted and eor how long by six other subdivisions bearing titles in large printing such as engine oil filter and chassis lubrication and is itself introduced by five printed dots,..... To find the exclusions, even when alerted that they are present, one must carefully read each of the other paragraphs. This is the kind of exclusionary clause which the statute is designed to eliminate.
The motion is denied without costs.